United States District Court

For the Northern District of California

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7

8  LIZETTE PEREZ GONZALEZ ON BEHALF        No. C-14-2558 EMC
   OF THE ESTATE OF RUBY PEREZ,
9
              Plaintiff,
10                                          **ORDER GRANTING DEFENDANTS'**
      v.                                    **MOTION TO DISMISS**
11
   JP MORGAN CHASE BANK, N.A., AS          **(Docket No. 5)**
12 SUCCESSOR IN INTEREST TO BEAR
   STEARNS AND ENCORE CREDIT CORP.,
13 *et al.*,

14              Defendants.
   _____/
15

16

17

18

19         On or around May 5, 2014, Lizette Perez Gonzalez "on behalf of the estate of Ruby Perez"

20 ("Plaintiff") sued JP Morgan Chase (as successor in interest to Bear Stearns and Encore Credit

21 Corp), Select Portfolio Servicing Inc., and Mortgage Electronic Registration Systems ("MERS")

22 (collectively "Defendants"), in Contra Costa Superior Court.  Plaintiff sued as a *pro se* litigant.

23 Defendants removed the action to this Court in June.  Currently pending before the Court is

24 Defendants' motion to dismiss.[1]  For the reasons discussed herein and as explained on the record

25 during argument, Defendants' motion to dismiss is **GRANTED.**  Ms. Gonzalez has leave to amend.

26 _____

27         [1] As discussed on the record at the hearing, Ms. Gonzalez's opposition to Defendants'
   motion to dismiss did not respond to the arguments in the Complaint, discussed causes of action not
28 alleged in the Complaint, and for other reasons is not plausible.  The Court declines to address the
   irrelevant arguments raised in opposition.

**United States District Court**
For the Northern District of California

# I.  BACKGROUND

The following facts are alleged in Ms. Gonzalez's complaint ("Complaint") and documents of which the Court takes judicial notice.[2]  Plaintiff's mother, Ruby Perez, "was the fee simple owner[] of the subject property" and has passed away.  Complaint ¶ 36.  Ms. Perez appears to have passed away at some point before February 2, 2009.  *See* RJN, Ex. 4.  Ms. Perez was the borrower on a note with Encore Credit Corp. that was executed approximately nine years ago in 2005.  *See* RJN, Exs. 2, 3.  Defendant MERS was the beneficiary to the note under the deed of trust.  *See* RJN Ex. 2.  Servicing rights were transferred to Defendant Select Portfolio Servicing, Inc., who allegedly "co-facilitated" foreclosure proceedings.  Complaint ¶ 3.

In the Complaint, Ms. Gonzalez focuses on the origination of the mortgage note.  She alleges that the Defendants "engaged in egregiously unfair and deceptive lending practices to steer Plaintiff[3] into a loan that was destined to fail from inception."  Complaint ¶ 9.  In 2006, Ruby Perez signed a quitclaim deed giving title to the property to her daughter, Ms. Gonzalez, and her granddaughter, as joint tenants.  *See* RJN, Ex. 5.  The quitclaim was not recorded until February of 2009.  *Id.*  Ms. Gonzalez alleges that, through personal sacrifice, timely mortgage payments were made until "it became economically impossible."  Complaint ¶ 25.

At some point, either Ms. Gonzalez or her mother unsuccessfully attempted to modify or refinance the loan.  During the failed negotiations regarding loan modification, Defendants allegedly recorded a Notice of Default "without proper notice to Plaintiff."  Complaint ¶ 21.  This occurred on March 13, 2008.  *See* RJN, Ex. 1.  Ms. Gonzalez alleges that Defendants lacked the authority to

---

[2] Defendants request judicial notice of six documents.  Docket No. 6 ("RJN").  The documents are a notice of default (RJN, Ex. 1), a deed of trust (RJN, Ex. 2), an adjustable rate note (RJN, Ex. 3), a notice of trustee sale (RJN, Ex. 4), a quitclaim (RJN, Ex. 5), and a printout from the California Secretary of State (RJN, Ex. 6).  Ms. Gonzalez has not opposed Defendants' request.  Exhibits 1, 2, 4, 5, and 6 are judicially noticeable as public records from the county recorder or secretary of state for California.  *See Fazio v. Recontrust Co.,* N.A., No. C 13-554 MEJ, 2013 WL 1962336, at *2 (N.D. Cal. May 10, 2013); *see also Austero v. Aurora Loan Servs., Inc.,* No. C-11-00490 JCS, 2011 WL 1585530, at *4 (N.D. Cal. Apr. 27, 2011).  All of the documents sought to be judicially noticed are explicitly referred to or relied on in Ms. Gonzalez's Complaint.  *See* Complaint ¶¶ 2, 3, 21, 37, 95, 99.  The Court therefore grants Defendants' unopposed request for judicial notice.

[3] Ms. Gonzalez variously uses "Plaintiff" and "Plaintiffs" in her Complaint.  It is ambiguous whether she is making individual allegations, allegations on behalf of her deceased mother, or both.

**United States District Court**
For the Northern District of California

1   assign the deed of trust, which was further voidable, because MERS was not qualified to do business

2   in California at the relevant time.  Complaint ¶¶ 91, 99.  Ms. Gonzalez continues to live at the

3   property.  Complaint ¶ 1.  Defendants filed the instant motion seeking to dismiss based on:  (1)

4   standing; (2) statute of limitations; and (3) failure to plead sufficient facts to state a claim.

5                                        III.   **DISCUSSION**

6   A.      Legal Standard

7           Under Rule 8, to state a claim for relief, a pleading must contain "a short and plain statement

8   of the claim showing that the pleader is entitled to relief; and a demand for the relief sought."  *See*

9   Fed. R. Civ. P. 8(a)(2).  In other words, the Complaint must provide a "defendant fair notice of what

10  the plaintiff's claim is and the grounds upon which it rests."  *Lee v. City of Los Angeles,* 250 F.3d

11  668, 679 (9th Cir. 2001) (citation omitted).  In bringing a complaint a plaintiff has obligations in

12  addition to Rule 8.  Among other things, Rule 11 requires that the party presenting a pleading, such

13  as this Complaint, certify that "the factual contentions have evidentiary support or, if specifically so

14  identified, will likely have evidentiary support after a reasonable opportunity for further

15  investigation or discovery."  Fed. R. Civ. P. 11.

16          A Rule 12(b)(6) motion tests whether plaintiff has sufficiently stated "a claim to relief that is

17  plausible on its face."  *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted); Fed. R.

18  Civ. P. 12(b)(6).  "A claim has facial plausibility when the plaintiff pleads factual content that

19  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

20  alleged."  *Id*.  Dismissal is therefore proper when a complaint merely contains "[t]hreadbare recitals

21  of the elements of a cause of action, supported by mere conclusory statements."  *Id*.  Further, "where

22  the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,"

23  a complaint does not show a plausible claim for relief and should be dismissed.  *Id.*

24          In reviewing a motion to dismiss, the court assumes all factual allegations in the complaint

25  are true and views the pleadings in the light most favorable to the plaintiff.  *See Manzarek v. St. Paul*

26  *Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008).  "When a motion to dismiss is based

27  on the running of the statute of limitations, it can be granted only if the assertions of the complaint,

28

United States District Court

For the Northern District of California

1   read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."

2   *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980).

3   Under Rule 15, a court should "freely give leave [to amend] when justice so requires." *See*

4   Fed. R. Civ. P. 15(a)(2). In considering whether to grant leave, a "court must be guided by the

5   underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or

6   technicalities." *See United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981).

7   B.   <u>Standing</u>

8   Standing is "a threshold matter" that is necessary to establish subject matter jurisdiction.

9   *Bates v. United Parcel Serv., Inc.,* 511 F.3d 974, 985 (9th Cir. 2007). In order to establish standing,

10  Ms. Gonzalez must show (1) an injury in fact; (2) a "causal connection between the injury and the

11  conduct complained of;" and (3) redressability of the injury. *See Lujan v. Defenders of Wildlife,* 504

12  U.S. 555, 560-61 (1992). "At the pleading stage, general factual allegations of injury resulting from

13  the defendant's conduct may suffice." *See id.* at 561.

14  To begin, the Complaint does not set out with adequate particularity which, if any, of the

15  claims Ms. Gonzalez brings personally, and which are brought on behalf of her late mother. This

16  points to the inadequacy of the pleading for all causes of action. *See Twombly,* 550 U.S. at 555

17  (noting Rule 8 designed to "give the defendant fair notice of what the claim is and the grounds upon

18  which it rests" (citation omitted)). Moreover, it is clear that certain of Ms. Gonzalez's claims must

19  be brought by her mother's estate. Multiple district courts in the Ninth Circuit have held that only a

20  party to the loan may bring claims against a lender for improper disclosures under the Truth in

21  Lending Act ("TILA") and related claims under California Business & Professions Code § 17200.

22  *See, e.g., Ambers v. Wells Fargo Bank, N.A.,* No. 13-CV-03940 NC, 2014 WL 883752, at *5

23  (collecting cases). In this case, Ruby Perez was the fee simple owner of the property in issue.

24  Complaint ¶ 36. Ms. Perez was the sole borrower on the loan note. *See* RJN, Ex. 3. Thus, Ms.

25  Gonzalez lacks standing to bring personal claims of Ms. Perez based on improper loan origination

26  disclosures, including her TILA claim. *See Brockington v. J.P. Morgan Chase Bank, N.A.,* No. C-

27  08-5795 RMW, 2009 WL 1916690, at *3 (N.D. Cal. July 1, 2009) (non-party to a loan "has no

28  standing to challenge defendant's conduct in connection with extending the mortgage loan").

United States District Court
For the Northern District of California

The execution of the quitclaim deed by Ms. Perez in favor of Ms. Gonzalez and Ms. Gonzalez's daughter does not confer standing as to allegations concerning loan origination. Ms. Gonzalez has not shown that she had any obligation on the loan. Therefore she has failed to show a cognizable injury flowing from the loan origination. *See Thomas v. Guild Mortgage Co.,* No. CV09-2687-PHX-MHM, 2011 WL 676902, at *4 (D. Ariz. Feb. 23, 2011) (noting "Plaintiff's assertions that his daughter [the borrower] was merely acting as his "nominee" and the fact that the property had been quit claimed to him are not relevant" and granting summary judgment on TILA and other claims); *see also Barnhart v. Fid. Nat. Title Ins. Co.,* No. 13-CV-0090-TOR, 2013 WL 4518589, at *4 (E.D. Wash. Aug. 26, 2013) (dismissing foreclosure-related Washington state law claims with prejudice, because "although Plaintiff later obtained title to the property via a quitclaim deed [] this transfer did not result in Plaintiff assuming the underlying debt obligation," thus preventing Plaintiff from establishing monetary damages); *Big Blue Capital Partners, LLC v. Recontrust Co., N.A.,* No. 6:11-CV-1412-TC, 2012 WL 1870752, at *3 (D. Or. May 21, 2012) (plaintiff lacked standing to challenge defendants' allegedly wrongful non-judicial foreclosure proceedings under Oregon law where property quitclaimed to it, because the borrowers remained the parties obligated to pay the note).

If Ms. Gonzalez intends to assert standing as a representative of her mother's estate, Ms. Gonzalez must adequately plead her representative capacity. *See Evans v. Wells Fargo Bank, N.A.,* No. 13-CV-2371 JSC, 2013 WL 4049062, at *2 (N.D. Cal. Aug. 8, 2013) (dismissing complaint, including claims under TILA, Section 17200, and Section 2923.5, with leave to amend, for lack of standing where son did not allege sufficient factual information to show that he was appointed as a representative of borrower mother's estate). It will not be enough for Ms. Gonzalez to allege conclusorily that she was identified as executor of Ms. Perez's estate in Ms. Perez's will; Ms. Gonzalez must allege specific facts showing that Ms. Gonzalez was legally appointed in probate as the executor, trustee, or administrator of her mother's estate. *Id.* She has not done so.

Moreover, Ms. Gonzalez is presently a *pro se* litigant. To the extent Ms. Gonzalez intends to continue to proceed *pro se* in representing her mother's estate, she will need to make an additional showing beyond establishing her representative capacity. "[T]he privilege to represent oneself *pro*

United States District Court

For the Northern District of California

1  *se* provided by [28 U.S.C. § 1654] is personal to the litigant and does not extend to other parties or

2  entities."  *See Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (holding that ERISA

3  plan participant was not entitled to pursue claims *pro se* on behalf of plans).  Courts interpreting

4  Section 1654 have held that a representative of an estate may not appear *pro se* where the estate has

5  creditors or beneficiaries other than the estate representative.  *See Malone v. Nielson,* 474 F.3d 934,

6  937 (7th Cir. 2007)*; Jones ex rel. Jones v. Corr. Med. Servs., Inc.,* 401 F.3d 950, 952 (8th Cir.

7  2005); *Shepherd v. Wellman,* 313 F.3d 963, 971 (6th Cir. 2002); *Pridgen v. Andresen,* 113 F.3d 391,

8  393 (2d Cir. 1997)*; Reshard v. Britt,* 839 F.2d 1499 (11th Cir. 1988) (per curiam) (en banc).[4]

9  Consequently, courts in this District have required a showing that there are no creditors or other

10  beneficiaries of the estate before allowing an estate representative to proceed *pro se*.  *See Brown v.*

11  *Stroud,* No. C 08-02348 JSW, 2013 WL 591987, at *1 (N.D. Cal. Feb. 14, 2013).  If Ms. Gonzalez

12  wishes to proceed *pro se* on behalf of her mother's estate, she will need to establish that there are no

13  other beneficiaries or creditors for her mother's estate; otherwise, she may, in her representative

14  capacity, appear only through counsel.

15         Furthermore, if Ms. Gonzalez intends to bring personal claims arising from her interest under

16  the quitclaim deed, the joint tenant, her daughter, must be joined if Ms. Gonzalez's claims will

17  impede her daughter's ability to protect her own interests or will subject Defendants to inconsistent

18  obligations.  *See* Fed. R. Civ. Proc. 19(a); *see also Hoover v. Gershman Inv. Corp.,* 774 F. Supp. 60,

19  64 (D. Mass. 1991) (finding joint tenants were indispensable parties in case challenging aspects of

20  foreclosure).

21  C.     Statute of Limitations

22         Even assuming Ms. Gonzalez had demonstrated standing, she faces significant hurdles with

23  respect to the statute of limitations.  The following table sets forth the applicable limitations period

24  for each of Ms. Gonzalez's causes of action to be timely brought.

25

26

27

28         [4] In *Reshard*, the Eleventh Circuit affirmed the disqualification of the *pro se* litigants as a
matter of law.

United States District Court
For the Northern District of California

| Cause of Action | Statute of Limitations | Beginning of Limitations Period |
|---|---|---|
| 1.  Unlawful business practices (Cal. B&P 17200), predicated on Cal Civ. C 2923.5 | 4 years.[5] | May 5, 2010 |
| 2.  Breach of the covenant of good faith and fair dealing | 4 years.[6] | May 5, 2012 |
| 3. Slander of title | 3 years, accruing at time of discovery.[7] | May 5, 2011 |
| 4.  Alter ego liability | Catch-all SOL is 4 years.[8] | May 5, 2010 |
| 5.  Breach of contract | 4 years, accruing at time of breach.[9] | May 5, 2010 |
| 6.  Violation of Cal. B&P 17200, predicated on Cal Civ. C 2923.5, 2923.6, 1788.17, 1572 | 4 years.[10] | May 5, 2010 |
| 7.  Predatory lending in violation of TILA | 1 year for claims for damages.[11] | May 5, 2013 |
| 8.  Violation of Cal. Civ. C. 2923.5 and request for declaratory relief | 3 years.[12] | May 5, 2011 |
| 9.  Defamation | 1 year.[13] | May 5, 2013 |
| 10.  False light | 1 year.[14] | May 5, 2013 |

---

[5] Cal. Bus. & Prof. C. § 17208.

[6] *Archdale v. Am. Int'l Specialty Lines Ins. Co.,* 154 Cal. App. 4th 449, 471 (2007); Cal. CCP § 337.

[7] *Arthur v. Davis,* 126 Cal. App. 3d 684, 691 (Ct. App. 1981); Cal. CCP § 338.

[8] Cal. CCP § 343.

[9] *Kaufman v. Mut. Life Ins. Co. of New York,* 108 F.3d 1385 (9th Cir. 1997); Cal. CCP. § 337.

[10] Cal. Bus. & Prof. C. § 17208.

[11] *See* 15 U.S.C. § 1640(e).

[12] *See Ambers v. Wells Fargo Bank, N.A.,* No. 13-CV-03940 NC, 2014 WL 883752, at *10 (N.D. Cal. Mar. 3, 2014) ("In California, the time to bring "an action upon a liability created by statute" is three years.") (citing Cal. CCP § 338(a)).

[13] *See Renfrow v. Certified Grocers of California Ltd.,* 168 F.3d 501 (9th Cir. 1998); Cal. CCP § 340(3).

[14] *See Roberts v. McAfee, Inc.,* 660 F.3d 1156, 1166 (9th Cir. 2011).

7

| 11.  Void or cancel assignment of deed of trust | 4 years for cause of action based on a written contract or under catch-all.[15] | May 5, 2010 |
| --- | --- | --- |
| 12.  Cancellation of a voidable contract under Cal. Rev. & Tax C §§ 23304.1, 23305A and violation of Cal. Corp. C. § 191(C)(7) | 4 years for cause of action based on a written contract or under catch-all.[16] | May 5, 2010 |

On the face of the Complaint, all twelve of Ms. Gonzalez's causes of action are time-barred. The longest available statute of limitations is four years. For claims subject to the four-year statute of limitations, Ms. Gonzalez must show that her causes of action either did not accrue until *after* May 5, 2010 or, if the causes of action accrued before then, that there is an equitable reason to delay the running of the statute of limitations to May 5, 2010. To show that her causes of action did not accrue until after May 5, 2010, Ms. Gonzalez must show that Defendants did the allegedly wrongful act and Defendants' liability arose no earlier than May 5, 2010. *See Brisbane Lodging, L.P. v. Webcor Builders, Inc.,* 216 Cal. App. 4th 1249, 1257 (2013). Alternatively, Ms. Gonzalez must plead an equitable exception to the running of the statute of limitations by alleging, *e.g.,* the discovery rule, equitable tolling, fraudulent concealment, continuous violation, or continuous accrual. *See Aryeh v. Canon Bus. Solutions, Inc.,* 55 Cal. 4th 1185, 1192 (2013).

Similar principles apply to Ms. Gonzalez's TILA claim. As to the equitable exceptions, equitable tolling allows a plaintiff to extend the limitations period by showing that there was "excusable delay," *i.e.,* that "a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period." *Lukovsky v. City & Cnty. of San Francisco,* 535 F.3d 1044, 1051 (9th Cir. 2008) (citation omitted). If a plaintiff shows excusable delay, equitable tolling will "extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Id.* On the other hand, a plaintiff may show that the defendant is precluded, or estopped, from asserting statute of limitations due to its own active conduct. *Id.* To show equitable estoppel,

---

[15] Cal. CCP § 337; Cal. CCP § 343.

[16] *Id.*

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Ms. Gonzalez must show that the Defendants took actions "above and beyond" the misconduct

2    giving rise to the claim and that such actions prevented her from filing on time. *Id.*

3         In her Complaint, Ms. Gonzalez makes no such allegations. She alleges that the Notice of

4    Default was recorded *after* it became "economically impossible" to make the monthly payments.

5    Complaint ¶ 25. The Notice of Default was recorded over six years ago in March of 2008. *See* RJN,

6    Ex. 1. By that time, Ms. Gonzalez or her mother certainly would have become aware of the

7    allegedly undisclosed increases in monthly payments under the ARM. *Cf. Cervantes v. Countrywide*

8    *Home Loans, Inc.,* 656 F.3d 1034, 1045 (9th Cir. 2011) (holding TILA "limitations periods began to

9    run when the plaintiffs executed their loan documents, because they could have discovered the

10   alleged disclosure violations and discrepancies at that time"); *Das v. WMC Mortgage Corp.,* 831 F.

11   Supp. 2d 1147, 1157 (N.D. Cal. 2011) (finding that "failure to disclose the appraisal would be

12   apparent with due diligence at the time the loan was executed"). In a similar vein, the alleged failure

13   to provide proper notice would have taken place before the Notice of Default was recorded. Hence,

14   the alleged wrongful conduct occurred well before May 5, 2010, and Ms. Gonzalez, and/or Ms.

15   Perez, was obviously aware of that conduct prior to said date.

16        Ms. Gonzalez refers to "last hour desperation" in connection with seeking loan modification

17   prior to the Notice of Default. Complaint ¶ 17. However, Ms. Gonzalez has not presented any facts

18   in support of any equitable exception or tolling of the limitations periods applicable here. *Cf.*

19   *Davenport v. Litton Loan Servicing, LP,* 725 F. Supp. 2d 862, 874 (N.D. Cal. 2010) (dismissing

20   TILA claims where there was no explanation for why plaintiff did not pursue investigation of

21   potential claims within one-year statutory framework). On these facts, Ms. Gonzalez's Complaint is

22   time-barred.

23   D.    Adequacy of Pleading

24        Beyond the facial problems as to statute of limitations and standing, Ms. Gonzalez's claims,

25   as presently pled, have other serious deficiencies. To begin, Ms. Gonzalez does not set forth the

26   Defendants against whom she alleges each cause of action. This fails to provide the Defendants

27   with adequate notice of her claims. *See McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996)

28

9

United States District Court

For the Northern District of California

1   (finding dismissal proper where "one cannot determine from the complaint who is being sued, for

2   what relief, and on what theory, with enough detail to guide discovery").

3          Furthermore, the claims are substantively deficient.

4      1.    Unfair Competition (first and sixth causes of action) and Cal. Civ. C. Section 2923.5
              (eighth cause of action)

5

6          Ms. Gonzalez's first and sixth causes of action allege violation of California's unfair

7   competition law predicated on alleged violations of Cal. Civ. C. §§ 2923.5, 2923.6, 1788.17, and

8   1572. California Civil Code Sections 2923.5 and 2923.6 did not become law until at least July 8,

9   2008, approximately four months after the Notice of Default was recorded.[17]  *See* Cal. S.B. 1137;

10  RJN, Ex. 1. Ms. Gonzalez has failed to allege any relevant wrongful conduct after the enactment of

11  Civil Code Sections 2923.5 and 2923.6 and has not pointed to any authority suggesting that those

12  laws apply retroactively. In fact, case law suggests there is no retrospective effect. *See generally*

13  *Myers v. Philip Morris Cos.,* 28 Cal. 4th 828, 841 (2002) ("[U]nless there is an express retroactivity

14  provision, a statute will *not* be applied retroactively unless it is *very clear* from extrinsic sources that

15  the Legislature must have intended a retroactive application." (emphasis in original, internal

16  quotations omitted)); *cf. Martinez v. Wells Fargo Bank, N.A.,* No. 5:13-CV-05597 EJD, 2014 WL

17  1572689, at *3 (N.D. Cal. Apr. 17, 2014) (finding "Defendants could not have violated the current

18  versions of Civil Code §§ 2923.55, 2924.9, and 2924.17 when they filed a Notice of Default in

19  October, 2012, because those statutes did not become effective until 2013, and there is no indication

20  that the HBOR is intended to be, or will be, applied retroactively" (internal citation omitted)).

21

22

23

24

25

26  _____

27  [17] Defendants argue that Cal. Civ. C. § 2923.5 did not become law until July 8, 2008.
    Indeed, it appears that the addition of 2923.5 did not become operative until September 6, 2008,
    approximately six months after the Notice of Default was recorded. *See* Cal. S.B. 1137, Sec. 10 (b)
28  ("the provisions of Section 2 of this act, which adds Section 2923.5 to the Civil Code . . . shall
    become operative 60 days after the effective date of this act.").

United States District Court

For the Northern District of California

1    Nor has Ms. Gonzalez pled sufficient facts to show that Defendants failed in any alleged

2    obligations under Civil Code Sections 2923.5 or 2923.6.[18]  Thus, Ms. Gonzalez has failed to allege a

3    facially plausible violation of Sections 2923.5 and 2923.6.

4    The pleading as to California Civil Code Section 1788.17 is similarly deficient.  Section

5    1788.17 is a state law requirement that debt collectors comply with Section 1692b to 1692j of Title

6    15 of the United States Code, *i.e.,* the federal Fair Debt Collection Practices Act.  Cal. Civ. C. §

7    1788.17.  Ms. Gonzalez has not adequately pled any violation of the Fair Debt Collection Practices

8    Act.  For example, she has not pled any debt collection misrepresentations by a particular defendant.

9    *See* 15 U.S.C. Section 1692e.

10    California Civil Code Section 1572 governs fraud causes of action for false promise.  *See*

11    *Bushell v. JPMorgan Chase Bank, N.A.,* 220 Cal. App. 4th 915, 930 (2013).  This too has not been

12    adequately pled.  Ms. Gonzalez has not pled facts regarding by whom or to whom the alleged

13    promise was made or what the allegedly false promise was.  *Cf. id.*  Such fraud claims are subject to

14    the more demanding specificity requirements of Fed. R. Civ. P. 9(b).  To satisfy the heightened

15    pleading requirements of Rule 9, Ms. Gonzalez must plead the "who, what, where, when, and how

16    of the charged misconduct."  *Garcia v. Sony Computer Entm't Am., LLC,* 859 F. Supp. 2d 1056,

17    1061 (N.D. Cal. 2012) (citation omitted).  She has not done so.

18    In sum, Ms. Gonzalez's unfair competition law claims are inadequately pled, because Ms.

19    Gonzalez has not sufficiently alleged an unlawful, unfair, or fraudulent practice by Defendants under

20    any of her predicate legal theories.  *See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,*

21    20 Cal. 4th 163, 180 (1999) (observing that "coverage [of California's Unfair Competition Law] is

22

23    _____

      [18]   Section 2923.5 "concerns the crucial first step in the foreclosure process: The recording of

24    a notice of default as required by section 2924."  *Mabry v. Superior Court,* 185 Cal. App. 4th 208,
      221 (2010).  Section 2923.5 acts to create rights and corresponding obligations by requiring a lender

25    to contact the borrower "in person or by telephone" before filing a notice of default.  *Id.*  By
      contrast, Section 2923.6 "does not operate substantively."  *Id.* at 222 (emphasis in original).  Instead,

26    Section 2923.6 "merely expresses the hope that lenders will offer loan modifications on certain
      terms."  *Id.*  Section 2923.6 does not provide a borrower a substantive right to a loan modification.

27    *Id.* n.9.  The Court further notes that, while Section 2923.5 imposes obligations with respect to
      conducting a financial assessment, "the section does not actually require that a lender modify a

28    defaulting borrower's loan."  *Davenport v. Litton Loan Servicing, LP,* 725 F. Supp. 2d 862, 877
      (N.D. Cal. 2010)

United States District Court

For the Northern District of California

1    sweeping, embracing anything that can properly be called a business practice *and that at the same*

2    *time is forbidden by law*" (citations omitted; emphasis added)).

3         In addition to the more general standing problems discussed *supra*, Ms. Gonzalez has not

4    adequately pled injury in fact in the form of lost money or property as required under California's

5    Unfair Competition Law.  Cal. Bus. & Prof. C. § 17204.  As amended by Proposition 64 in 2004,

6    California's Unfair Competition Law requires that "a plaintiff must have suffered 'injury in fact' and

7    have 'lost money or property' as a result of an unfair business practice" to have standing to bring

8    suit.  *Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310, 338 (2011).  The allegations in Ms.

9    Gonzalez's complaint do not identify loss of money or property stemming from the alleged unfair

10   competition, nor does the Complaint identify who allegedly lost the money or property – Ms.

11   Gonzalez, Ms. Perez, or both.  The first, sixth, and eighth causes of action are therefore dismissed

12   with leave to amend.

13        2.    Breach of The Covenant of Good Faith And Fair Dealing (second cause of action)

14        The covenant of good faith and fair dealing is implied by law into every contract, functioning

15   "as a supplement to the express contractual covenants, to prevent a contracting party from engaging

16   in conduct which (while not technically transgressing the express covenants) frustrates the other

17   party's rights to the benefits of the contract."  *Thrifty Payless, Inc. v. Americana at Brand, LLC,* 218

18   Cal. App. 4th 1230, 1244 (2013), *review denied* (Oct. 23, 2013).

19        In other words, the implied covenant protects only the "express terms of the agreement," and

20   "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in

21   the specific terms of their agreement."  *McClain v. Octagon Plaza, LLC,* 159 Cal. App. 4th 784, 806

22   (2008).  Because the implied covenant acts as a supplement to an existing contract, "it does not

23   require parties to negotiate in good faith prior to any agreement."  *Id.* at 799.

24        In this case, Ms. Gonzalez alleges that Defendants breached the implied covenant through

25   "the Defendants['] negligible [sic] acts as set forth above."  Complaint ¶ 35.  To begin, these

26   conclusory allegations are insufficient to withstand a motion to dismiss.  *See Iqbal,* 556 U.S. at 678.

27   Moreover, to the extent Ms. Gonzalez's claim arises from her allegations that the Defendants did not

28   negotiate in good faith with respect to their disclosures regarding the note, such allegations concern

United States District Court

For the Northern District of California

pre-agreement negotiations and "fail to state a claim" for a breach of the implied covenant. *McClain,* 159 Cal. App. 4th at 799; *see also Lingad v. Indymac Fed. Bank,* 682 F. Supp. 2d 1142, 1155 (E.D. Cal. 2010) (deciding that "to the extent Plaintiff's claim is based upon conduct occurring during pre-contract negotiations, the implied covenant does not apply"). The second cause of action is dismissed with leave to amend.

    3.    Slander of Title (third cause of action)

    "Slander of title occurs when there is an unprivileged publication of a false statement which disparages title to property and causes pecuniary loss." *Stalberg v. W. Title Ins. Co.,* 27 Cal. App. 4th 925, 929 (1994). California law defines certain publications as privileged. California Civil Code Section 47(b) provides for an absolute privilege for communications in a judicial proceeding, which is commonly called the litigation privilege. *Kachlon v. Markowitz,* 168 Cal. App. 4th 316, 336 (2008). In turn, Section 47(c)(1) provides for the "common interest" privilege, a qualified privilege for communications made without malice by a person who has an interest in the communications to another person with an interest in the communications. *Id.* Malice requires "that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication." *Id.* (citations omitted). Section 47 privileges were once only applicable to defamation actions, but now apply to all torts other than malicious prosecution. *Id.*

    In 1996, the legislature amended California Civil Code Section 2924, which governs nonjudicial foreclosure procedures, to add language defining "the mailing, publication, and delivery" of statutory nonjudicial foreclosure notices to be "privileged communications" pursuant to Section 47. *Kachlon,* 168 Cal. App. 4th at 336. The language from that amendment, without meaningful alteration, continues to be part of Section 2924 subdivision (d). *Id.* While Section 2924(d) does not specify which of the Section 47 privileges it invokes, California case law has recognized that the Section 47(c)(1) common interest privilege applies to nonjudicial foreclosure notices under Section 2924(d). *Id.* at 339.

    In this case, Ms. Gonzalez alleges slander of title based on the publication of a notice of default and a notice of sale, which are statutory nonjudicial foreclosure notices under Section 2924.

13

United States District Court

For the Northern District of California

*See* Cal. Civ. C. § 2924(a)(1); 2924(a)(4).  Such publications are privileged absent a showing of malice.  *Kachlon,* 168 Cal. App. 4th at 339.  Ms. Gonzalez's current pleading of slander of title fails to allege facts establishing that the notice publications were not privileged.  Moreover, Ms. Gonzalez has not alleged sufficient facts in her complaint as to falsity, disparagement of title, or pecuniary loss, and thus the pleading is substantively deficient.  The third cause of action is dismissed with leave to amend.

### 4.   Alter Ego Liability (fourth cause of action)

Under California law, "there is no such thing as a substantive alter ego claim at all: 'A claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief, *e.g.,* breach of contract or to set aside a fraudulent conveyance, but rather, procedural.'"  *Ahcom, Ltd. v. Smeding,* 623 F.3d 1248, 1251 (9th Cir. 2010) (citing *Hennessey's Tavern, Inc. v. Am. Air Filter Co.,* 204 Cal.App.3d 1351 (1988)).  Thus, because "alter ego liability" is not a cause of action, Ms. Gonzalez cannot cure the deficiencies in the pleading.  *See Amedee v. Citimortgage, Inc.,* No. C 13-3040 CW, 2014 WL 1091152, at *6 (N.D. Cal. Mar. 17, 2014).  Dismissal of the fourth cause of action with prejudice is appropriate.  *Id.*

Under the alter ego doctrine, the corporate veil will be pierced, and "under certain circumstances a hole will be drilled in the wall of limited liability erected by the corporate form."  *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 301 (1985).  Thus, "[w]hen it is claimed that a parent corporation should be liable because it is the alter ego of its subsidiary, equity commands that the corporate wall be breached."  *Id.*  While there is no "litmus test" for alter ego liability, there are "two general requirements: (1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow."  *Id.* at 300 (citations omitted).  If Ms. Gonzalez intends to name defendants based on a theory of alter ego liability, she must do more than conclusorily assert the alter ego relationship.  *Long v. Postorivo,* No. C 07-01547 CRB, 2007 WL 2990457, at *1 (N.D. Cal. Oct. 11, 2007) ("At the pleading stage, conclusory allegations that a corporate entity is the alter ego of the defendant are insufficient to survive a motion to dismiss." (citation omitted)).

1    In this case, Ms. Gonzalez has conclusorily alleged that "[o]n information and belief,

2   defendants, Select Portfolio Services, Inc. and MERS, are the alter ego of defendant JP Morgan

3   Chase Bank, N.A. such that there is a unity of interest and ownership that the individuality or

4   separateness, of such person or entities has either ceased or the facts are such that an adherence to

5   the fiction of separate existence of these corporations would under the particular circumstances

6   sanction a fraud or injustice and would promote and abuse [] corporate privilege."  Complaint ¶ 45.

7   Ms. Gonzalez has not identified any facts as to the relationships between the entities, beyond

8   asserting that there is "unity of interest and ownership."  The present allegations in the Complaint

9   are not sufficient.  Should Ms. Gonzalez wish to name defendants based on their alleged alter ego

10  liability on one or more of the substantive claims, she must allege specific facts establishing alter

11  ego liability in her amended pleading.

12         5.    TILA (seventh cause of action)

13    As discussed above, there are problems with standing and the one-year statute of limitations

14  as to Ms. Gonzalez's TILA cause of action.  Ms. Gonzalez is granted leave to amend to the extent

15  she can truthfully allege a timely cause of action under TILA.

16         6.    Breach of Contract (fifth cause of action)

17    The elements to state a claim for breach of contract are (1) existence of the contract, (2)

18  performance by the plaintiff or excuse for nonperformance, (3) breach by the defendant and (4)

19  damages.  *First Commercial Mortgage Co. v. Reece,* 89 Cal. App. 4th 731, 745 (2001).  Ms.

20  Gonzalez alleges breach based on the "loan modification contract with Defendant."  Complaint ¶¶

21  48, 49.  In her Complaint, however, Ms. Gonzalez alleges that she attempted to enter into a

22  modification agreement with "defendant," but "said agreement was never entered into."  Complaint

23  ¶ 20.  Ms. Gonzalez has failed to state an essential element of her claim – the existence of the

24  alleged contract.  The fifth cause of action is dismissed with leave to amend.

25         7.    Defamation And False Light (ninth and tenth causes of action)

26    Defamation concerns a person's reputational interest.  *Smith v. Maldonado,* 72 Cal. App. 4th

27  637, 645 (1999), *as modified* (June 23, 1999).  The elements of defamation are (1) intentional

28  publication of (2) a statement of fact that is (3) false, (4) unprivileged, and (5) has a natural tendency

United States District Court

For the Northern District of California

1    to injure or which causes special damage.  *Id.*  "When a false light claim is coupled with a

2    defamation claim, the false light claim is essentially superfluous, and stands or falls on whether it

3    meets the same requirements as the defamation cause of action."  *Eisenberg v. Alameda*

4    *Newspapers, Inc.,* 74 Cal. App. 4th 1359, 1385 n.13 (1999).

5          An "averment of a provably false factual assertion" is "indispensable to any claim for

6    defamation." *Gilbert v. Sykes,* 147 Cal. App. 4th 13, 32 (2007) (citation omitted).  Thus, "[t]he

7    general rule is that the words constituting an alleged libel must be specifically identified, if not

8    pleaded verbatim, in the complaint." *Id.* at 31.  Ms. Gonzalez alleges that Defendants made "false

9    statements to the credit reporting agencies as noted above." Complaint ¶ 73.  Yet nowhere in the

10   Complaint does Ms. Gonzalez identify the purportedly false statements, the defendant(s) that made

11   the statements, or the credit reporting agencies to whom the statements were allegedly made.  The

12   failure to allege adequately any false statement warrants dismissal of both the defamation and false

13   light causes of action.  *See Silicon Knights, Inc. v. Crystal Dynamics, Inc.,* 983 F. Supp. 1303, 1314

14   (N.D. Cal. 1997) (granting motion to dismiss, and noting that "[w]hile the exact words or

15   circumstances of the slander need not be alleged to state a claim for defamation, the substance of the

16   defamatory statement must be alleged").  Ms. Gonzalez is granted leave to amend to the extent she

17   can truthfully allege an unprivileged false statement.

18          8.      Void Assignment of Deed of Trust (eleventh cause of action)

19          In her eleventh cause of action seeking to void the assignment of the deed of trust, Ms.

20   Gonzalez alleges the assignment of the deed of trust was "void *ab initio*," because the assignment "is

21   invalid, and of no force and effect, for the reasons set forth above, including, *inter alia,* the facts that

22   JP Morgan Chase Bank, N.A. nor any of the foreclosing defendants did not have standing or legal

23   authority to assign the deed of trust." Complaint ¶¶ 91, 92.  Ms. Gonzalez does not set forth any

24   factual content in the preceding paragraphs of her Complaint that tends to show that the foreclosing

25   defendants did not have legal authority to assign the deed of trust.  For that reason, the eleventh

26   cause of action is dismissed.  *See Iqbal,* 556 U.S. at 678.  Ms. Gonzalez is granted leave to amend.

27

28

9. <u>Cancellation of Voidable Contract under California Revenue & Taxation Code Sections 23304.1, 23305(a) and California Corporations Code Section 191(C)(7) (twelfth cause of action)</u>

Ms. Gonzalez argues that MERS did business in the state of California without registering as a foreign corporation. As a result, she alleges that the assignment of the deed of trust is a voidable contract under California law, including California Revenue & Taxation Code Sections 23304.1, 23305(a) and Corporations Code Section 191(C)(7).

Under California Revenue & Taxation Code Section 23304.1, "[i]f a foreign taxpayer that neither is qualified to do business nor has an account number from the Franchise Tax Board, fails to file a tax return required under this part, any contract made in this state by that taxpayer during the applicable period specified in subdivision (c) shall, subject to Section 23304.5, be voidable at the request of any party to the contract other than the taxpayer." Cal. Rev. & Tax. Code § 23304.1(b).

As a threshold matter, the statute requires that a party to the contract make the request to void the contract. Ms. Gonzalez cannot void the assignment as a stranger to the transaction; Ms. Gonzalez is not even a party to the subject deed of trust. *See* RJN, Ex. 2. Moreover, it is unlikely that Ms. Gonzalez can allege facts showing that her mother, Ms. Perez, the borrower on the deed of trust, would be permitted to request voiding of the assignment – Ms. Perez was neither the assignor nor the assignee. *Cf. Jenkins v. JP Morgan Chase Bank, N.A.,* 216 Cal. App. 4th 497, 515 (2013) (finding that even if transfers of a note were invalid, the borrower would not be "the victim of such invalid transfers because her obligations under the note remained unchanged"). Moreover, to the extent that there was an argument for voidability under Section 23304.1, courts in this District have interpreted California law to find that an unregistered foreign corporation can cure through later registration, upon which the foreign corporation is "restored to full legal competency [with] its prior transactions given full effect." *Amedee*, 2014 WL 1091152, at *9 (citing *Perlas v. Mortgage Elec. Registration Sys., Inc.,* No. C 09-4500 CRB, 2010 WL 3079262, at *7 (N.D. Cal. Aug. 6, 2010)); *Scott v. Saxon Mortgage Servs., Inc.,* No. C-13-03085 EDL, 2013 WL 5587557, at *7 (N.D. Cal. Oct. 10, 2013); *Rodrigues v. F.D.I.C.,* No. C-12-1243 EMC, 2012 WL 1945497, at *4 (N.D. Cal. May 30, 2012). In this case, the judicially noticeable records of the secretary of state of California

**United States District Court**
For the Northern District of California

1   reflect that MERS is presently qualified to do business in California and has been since July 21,

2   2010.  Ms. Gonzalez's twelfth claim is dismissed with leave to amend.

3                                  **IV.    CONCLUSION**

4           For the foregoing reasons, Defendants' motion to dismiss is granted.  Ms. Gonzalez is

5   granted leave to amend, as discussed herein, to the extent that she can truthfully allege timely

6   claims.  If Ms. Gonzalez intends to represent her mother's estate, she must specifically allege (with a

7   good faith basis as required under Fed. R. Civ. P. 11) that she was appointed as executor, trustee, or

8   administrator.  Moreover, if Ms. Gonzalez intends to represent her mother's estate as a *pro se*

9   litigant, she must show that she is the sole beneficiary of the estate and that there are no creditors;

10  otherwise, she must be represented by counsel.  If Ms. Gonzalez intends to proceed with individual

11  claims based on her joint tenancy, she must join her daughter as an indispensable party as necessary.

12  Ms. Gonzalez must also have a sufficient basis under Rule 11 to reassert any claims discussed

13  herein.

14          As discussed at the hearing, Ms. Gonzalez should contact the Legal Help Center for

15  guidance.  All pleadings, including any amended complaint or future opposition to Defendants'

16  motions, must comply with the parties' obligations under Fed. R. Civ. P. 11.  If Ms. Gonzalez does

17  not file an amended complaint within sixty (60) days of this order, *i.e.,* by December 27, 2014, the

18  case will be dismissed with prejudice.

19          This order disposes of Docket No. 5.

20

21          IT IS SO ORDERED.

22

23  Dated:  October 28, 2014

24                                              _____

25                                              EDWARD M. CHEN
                                                United States District Judge

26

27

28